UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| BONNIE R. JONES, on behalf of herself and all others similarly situated,<br>   Plaintiff,<br><br>v.<br><br>WECTEC GLOBAL PROJECT SERVICES, INC. f/k/a CB&I STONE & WEBSTER, INC. and STONE & WEBSTER SVCS, LLC,<br><br>   Defendants. | )<br>)<br>) Case No.3:17-cv-31<br>)<br>)<br>) Complaint and Demand<br>) for Trial by Jury<br>) (Class/Collective Action)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Bonnie R. Jones ("Jones" or "Plaintiff"), on behalf of herself and all others similarly situated, by and through counsel, brings this collective action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), as well as for violations of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 et.seq., against Defendants WECTEC Global Project Services, Inc. f/k/a CB&I Stone & Webster, Inc. ("WECTEC") and Stone & Webster Svcs, LLC ("Stone & Webster") (together "Defendants").

## NATURE OF PLAINTIFF'S CLAIMS

1. Jones and those she seeks to represent are Defendants' current and former hourly employees who were denied overtime

compensation pursuant to an unlawful "9/80" pay plan, (also referred to as an "A-B Schedule).

2. Under a lawful 9/80 pay plan, employees work nine days in a two-workweek period, but not more than forty hours in either week. The two-workweek period is scheduled so that employees work four 9-hour days, followed by an 8-hour day. Employees then work four 9-hour days the next week. For a 9/80 pay plan to comply with the FLSA, the workweek must end at the midpoint of the 8-hour day. When implemented properly, the first four hours worked during the 8-hour day fall into one workweek and the second four hours worked during the 8-hour day fall into the next workweek. The result is that the hours worked in both workweeks will not exceed 40.

3. Defendants' workweek violates the FLSA because it begins on a Monday and ends on a Sunday. Under Defendants' 9/80 pay plan, the 8-hour day is every other Friday. As a result, employees work 36 hours one workweek and 44 hours the next workweek, but are only paid for 80 total hours of pay, with no overtime premium for the 4 hours of overtime worked during the 44-hour workweek.

4. Jones seeks to represent all of Defendants' nonexempt hourly employees who worked under the 9/80 pay plan (A-B Schedule) and were denied overtime pay in violation of the FLSA.

5. Jones brings her FLSA claim pursuant to the collective action provision of 29 U.S.C. § 216(b) and she seeks to recover overtime compensation and statutory penalties for herself and any similarly situated co-workers who elect to opt-in to this action for all unpaid overtime hours worked during the three-year period preceding the filing of this Complaint.

6. Jones brings her NCWHA claim pursuant to the class action provision of Federal Rule of Civil Procedure 23 and she seeks to recover unpaid wages and related penalties and damages for herself and any similarly situated employees to remedy Defendants' practice and policy of willfully failing and refusing to properly pay Plaintiff and all similarly situated employees all earned and accrued wages on their regular pay dates.

## THE PARTIES

7. Jones is an adult individual who is a resident of Charlotte, North Carolina.

8. Jones was employed by Defendants, and/or its predecessors, from March 2008 to October 2016.

9. A written consent form for Jones is being filed with this Complaint as Exhibit A.

10. WECTEC is a foreign business corporation registered and in good standing in the State of North Carolina since 2000.

WECTEC has a principal place of business located in Charlotte, NC.

11. Stone & Webster is a limited liability company located at 1000 Westinghouse Dr., Ste. 103, Cranberry Township, PA, 16066. Stone & Webster is not listed by the North Carolina Secretary of State as an entity registered to do business in North Carolina, but its name appears on the paychecks issued to Jones and the members of the proposed FLSA collective action/Rule 23 class action.

## JURISDICTION AND VENUE

12. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

13. This Court has personal jurisdiction because Defendants conduct business in Mecklenburg County, North Carolina, which is located within this judicial district.

14. Venue is proper in this judicial district because Defendants have substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina.

15. The claims for violations of the NCWHA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent

4

state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

16. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

**COVERAGE ALLEGATIONS**

17. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20. At all times hereinafter mentioned, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

21. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

22. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

23. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

### **PLAINTIFF'S FACTUAL ALLEGATIONS**

24. Jones was paid on an hourly basis.

25. Jones was assigned to work under the 9/80 pay plan (A-B Schedule) at various times throughout her tenure with Defendants.

26. During the pay periods Jones worked under the 9/80 pay plan (A-B Schedule), she was not paid an overtime premium for the 4 hours of overtime she worked during the 44-hour workweek.

27. Defendants had knowledge that Jones regularly worked in excess of forty (40) hours because Defendants designed and

implemented the 9/80 pay plan (A-B Schedule), which by its very design included a 44-hour workweek every other week.

28. Jones was not "exempt" from the overtime requirements of the FLSA.

29. Jones and other similarly situated employees previously complained to Defendants' management personnel about not being paid an overtime premium under the 9/80 pay plan (A-B Schedule), but their complaints were ignored.

## COLLECTIVE ACTION ALLEGATIONS

30. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

31. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings her FLSA claim on behalf of herself and similarly situated hourly employees who were assigned to work under the 9/80 pay plan (A-B Schedule) and not paid an overtime premium for hours worked in excess of forty in a workweek.

32. The FLSA § 216(b) collective action class is properly defined as: All current and former hourly employees of Defendants who: (1) were employed by Defendants anytime during the three-year period preceding the filing of the Complaint in this action; (2) were assigned to work under the 9/80 pay plan

7

(A-B Schedule); and (3) were denied overtime pay as a result of Defendants' policy and practice of averaging the number of hours worked during each 2-week pay period.

33. Consistent with Defendants' policy and pattern or practice, Plaintiff and Opt-in Plaintiffs have not been paid overtime compensation for all hours worked beyond 40 per workweek.

34. All of the work that Plaintiff and Opt-in Plaintiffs have performed has been assigned by Defendants, and/or Defendants has been aware of all of the work that Plaintiff and Opt-in Plaintiffs have performed.

35. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and Opt-in Plaintiffs. This policy and pattern and practice includes, but is not limited to, willfully failing to pay Plaintiff and Opt-in Plaintiffs premium overtime wages for all hours worked in excess of 40 hours per workweek.

36. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and Opt-in Plaintiffs overtime premiums for all hour worked in excess of 40 per workweek and that the FLSA does not permit employers to average the number of hours worked during each 2-week pay period.

8

37. Plaintiff and Opt-in Plaintiffs were paid pursuant to the same unlawful compensation scheme and have been subject to the same unlawful practices alleged herein.

38. Plaintiff and Opt-in Plaintiffs have each worked more than forty (40) hours in one or more workweeks within the applicable statutory period.

39. Defendants' unlawful conduct has been widespread, repeated, and consistent.

40. There are many similarly situated current and former employees who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b).

41. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

42. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants' conduct was willful in that they knew that their payroll policies, practices and/or procedures were in violation of the FLSA or they showed reckless disregard to

whether their payroll policies, practices and/or procedures were in violation of the FLSA.

43. Plaintiff Bonnie Jones requests that she be permitted to serve as a representative of those who consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## **CLASS ACTION ALLEGATIONS**

44. This action is maintainable as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure pursuant to NCWHA, N.C. Gen. Stat. §§ 95-25.6 for failure to pay promised and earned wages for all hours worked by Plaintiff and members of the proposed class.

45. Plaintiff proposes the same class for purposes of certification under Rule 23 as under § 216(b) of the FLSA, with the exception that the class period for this state law cause of action is two years from the date of the filing of this Complaint. The proposed class is easily ascertainable. The number and identity of NCWHA class members are determinable from Defendant's payroll records or records over which they have control.

46. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While

the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class is comprised of at least 50-100 persons.

47. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiff and all members of the proposed class have been harmed by Defendant's failure to pay earned wages. The common questions of law and fact include, but are not limited to the following:

(a) whether Defendants refused to pay Plaintiff and members of the proposed class promised and earned overtime wages for all hours worked over forty (40) per week on their regular pay day in violation of NCWHA §§ 95-25.6; and

(b) Whether Defendant's refusal to pay such compensation is in violation of NCWHA.

48. The damages suffered by the named Plaintiffs and the members of the proposed class arise from the same nucleus of operative facts.

49. The claims of Plaintiff are typical of those claims that could be alleged by any member of the proposed class and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same compensation practices of

Defendant; i.e. refusing to timely pay promised and earned wages on regular paydays. The compensation policies and practices of Defendant affected all class members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

50. Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who is experienced and competent in both wage and hour and multi-plaintiff litigation.

51. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it

extremely difficult or impossible for the individual class members to redress the wrongs done to them.

52. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## **COUNT I**

**(Violation of FLSA – Overtime Collective Action)**

53. Plaintiff incorporates by reference paragraphs 1-52 of her Complaint.

54. Plaintiff's claim arises from Defendants' violation of the FLSA, for their failure to pay overtime wages earned by

13

Plaintiff and Opt-In Plaintiffs by averaging the number of hours worked by Plaintiff and Opt-In Plaintiffs during each 2-week pay period these individuals worked under the 9/80 pay plan (A-B Schedule).

55. Defendants violated the FLSA by failing to pay Plaintiff and Opt-in Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

56. Defendants' violation of the FLSA was willful.

## COUNT II

### (Violation of NCWHA – Class Action)

57. Plaintiff incorporates by reference paragraphs 1 through 56 of her Complaint.

58. Count II arises from Defendant's policy and practice of suffering or permitting Plaintiff and similarly situated employees to work without paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6.

59. Defendant violated N.C. Gen. Stat. §§ 95-25.6 by failing to pay Plaintiff and similarly situated employees all promised wage and overtime payments on the employees' regular payday for all hours worked.

60. Defendant's violation of the NCWHA was willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

a) Order the Defendants to file with this Court and furnish to counsel for Plaintiff a list of all names, telephone numbers, home addresses and email addresses of all hourly employees employed by Defendants who were assigned to work under the 9/80 pay plan (A-B Schedule) within the last three years;

b) Authorize Plaintiff's counsel to issue notice at the earliest possible time to all hourly employees employed by Defendants who were assigned to work under the 9/80 pay plan (A-B Schedule) of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

d) An Order certifying this action as a class action under the NCWHA and designating the above Plaintiff as a representative on behalf of all those similarly situated;

e) An Order pursuant to the NCWHA finding Defendant liable for unpaid and untimely overtime wages and liquidated damages equal in amount to the unpaid and untimely compensation due to Plaintiff and the class;

f) An Order awarding the costs of this action;

g) An Order awarding reasonable attorneys' fees;

h) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

i) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

j) An Order granting such other and further relief as may be necessary and appropriate.

## **JURY TRIAL DEMAND**

The named Plaintiff demands a trial by jury for all issues of fact

Respectfully submitted,

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276

PHIL GIBBONS LAW, P.C.
15720 Brixham Hill Ave, Ste 331
Charlotte, North Carolina 28277
Telephone:     (704) 612-0038
E-Mail:  phil@philgibbonslaw.com